ANDREW MOORE, APPELLANT, V. G. H. BUSSE ET AL.,
APPELLEES.

FILED OCTOBER 16, 1915.   No. 18307.

1. Indians: ALLOTTEE: DEVISE. The act of congress (36 U. S. St. at
Large, pt. 1, p. 856, sec. 2), authorizing a member of the Omaha
tribe of Indians to whom land had been allotted under the prior
act of congress to devise his interest in the land by will, is not
inconsistent with the prior act.

2. ———: WILLS: APPROVAL. The provision in the later act that such
will should not be valid unless approved by the Commissioner of
Indian Affairs and the Secretary of the Interior does not require
that such approval must be contemporaneous with the making of
the will, or before the death of the testator. If the will and pro-
bate thereof are regular, the interest of the testator in the land
passes to the devisee upon the approval of the proper officials.

APPEAL from the district court for Thurston county:
GUY T. GRAVES, JUDGE.   Affirmed.

Hiram Chase, for appellant.

T. R. Ashley and Curtis L. Day, contra.

SEDGWICK, J.

The act of congress which provided for the allotment of
lands in severalty to the Omaha tribe of Indians provided:
"That upon the approval of allotments provided for in
the preceding section by the Secretary of the Interior, he
shall cause patents to issue therefor in the name of the al-
lottees, which patents shall be of the legal effect and de-
clare that the United States does and will hold the land
thus allotted for the period of twenty-five years in trust for
the sole use and benefit of the Indians to whom such al-
lotment shall have been made, or in case of his decease, of
his heirs according to the laws of the state of Nebraska,
and that at the expiration of said period the United States
will convey the same by patent to said Indian or his heirs
as aforesaid, in fee discharged of said trust and free of all
charge or incumbrance whatsoever. And if any convey-

ance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void: Provided, that the law of descent and partition in force in the said state shall apply thereto after patents therefor have been executed and delivered." 22 U. S. St. at Large, p. 342, sec. 6.

Afterwards, in 1910, congress enacted: "That any Indian of the age of 21 years, or over, to whom an allotment of land has been or may hereafter be made, shall have the right, prior to the expiration of the trust period and before the issue of a fee simple patent, to dispose of such allotment by will, in accordance with rules and regulations to be prescribed by the Secretary of the Interior: Provided, however, that no will so executed shall be valid or have any force or effect unless and until it shall have been approved by the Commissioner of Indian Affairs and the Secretary of the Interior." 36 U. S. St. at Large, pt. 1, p. 856, sec. 2.

A tract of land was allotted to one Benjamin Moore, who under the act of congress, and afterwards pursuant to the subsequent act of congress above quoted, duly executed his will, whereby he devised his interest in a part of the tract of land to his wife and his interest in another part thereof to his nephew and niece. Soon afterwards he died, leaving no children, but leaving a brother, this plaintiff. The plaintiff began this action in the district court for Thurston county, claiming the land as the sole heir of his deceased brother. A general demurrer to his petition was sustained and his action dismissed, and he has appealed to this court. The appellant presents two questions for our consideration:

1. Upon the first point it is urged that the act of congress of 1882 constituted a contract between the United States and the several allottees of land, and that in case of the death of an allottee the contract is for the benefit of heirs and is "irrevocable and indestructible." Even if this statute could be considered to be a contract between the

government and the allottee, it is difficult to see how it could be construed to be a contract with the heirs of the allottee. The ancient maxim, *nemo est hæres viventis,* seems inconsistent with such a theory. The act of 1910 does not appear to abridge the rights of the allottee under the former act, but rather increases those rights, giving the power of disposing of his interest in the allotment by will. If this act of congress is declared to be unconstitutional, it will have to be done by the supreme court of the United States, so far as this court is concerned.

2. By the act of 1910, allottee "shall have the right, prior to the expiration of the trust period and before the issue of a fee simple patent, to dispose of such allotment by will." It is a mistake to suppose that this act contains any limitation upon the rights of a member of the Omaha tribe to make a will, or attempts to dictate in any way in what manner he shall dispose of his property in general. The act applies to the allottee's right in the land under his allotment, and, in order to dispose of that right, he must proceed in accordance with the rules and regulations to be prescribed by the Secretary of the Interior, and no will so executed shall be valid or have any force or effect unless and until it shall have been approved by the Commissioner of Indian Affairs or the Secretary of the Interior. The section is dealing with the allottee's interest in the land, and not with any other property or interest, and this language merely means that it shall not have the effect to transfer the allottee's interest in the land to the devisee unless such transfer is approved. The lands are held in trust by the government for 25 years, the allottee having in the meantime the occupancy and use thereof. The purpose of this restriction is to prevent the allottee from squandering his interest in the land, and so the proviso that it must be approved by the proper officers of the government is for a similar purpose—to guard against the procurement of such devise by fraud or undue means. This testator desired that his interest in the allotment should go to his widow and to his nephew and niece, rather than to his brother, and this disposition of the property was

approved by the government officials. The approval was recommended in these words: "I hereby recommend that the within will be approved, so far as it relates to the original allotment of the devisor still remaining in trust, namely, the W. ½ of the S. E. ¼ of Sec. 5, T. 24, R. 10, Nebraska." This recommendation was adopted by the proper officers. The will is approved, so far as it relates to the original allotment of devisor still remaining in trust. This is in accordance with the purpose of the act of congress, which has to do with the land and the right thereto, and not with the right and manner of making a will. The act of the testator was complete before his death by the execution of the will. This will did not take effect at his death, but when it was admitted to probate, and, as to his interest in government land, when it was properly approved for that purpose. We think, therefore, that the fact that it was approved after, and not before, the death of the testator is immaterial. A statute which required its approval before the death of the testator would in many cases defeat its own purpose. Wills are frequently made in anticipation of immediate death, and when it would be impossible to obtain the approval of the government officers, if this statute should be so construed.

The judgment of the district court is

AFFIRMED.

LETTON and HAMER, JJ., not sitting.